UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re MARY JAMES, INC.,

    Debtor,

_____

DONALD M. ROBINER, United States Trustee,

    Appellant.

_____/

Case No. 97-CV-74288

Hon. John Corbett O'Meara

## OPINION AND ORDER

Plaintiff-Appellant appeals the August 1, 1997 decision of the bankruptcy trial court that pre-conversion Chapter 11 quarterly fees are subordinated to Chapter 7 administrative expenses and paid pro rata with Chapter 11 administrative expenses. Appellant submitted his brief on appeal on December 8, 1997. No response was filed.

## BACKGROUND

Mary James, Inc., a nursing home, filed a petition for Chapter 11 relief on January 13, 1989. The case was converted to Chapter 7 on September 26, 1991. At the time the case was converted, there were Chapter 11 quarterly fees outstanding in the amount of $900. The United States Trustee filed a proof of claim for the outstanding fees. The case was then administered by the Chapter 7 trustee, culminating in the filing of the Final Report on February 12, 1997. An amended Final Report was filed on March 3, 1997. The bankruptcy court entered an order approving the Final Report on April 30, 1997.

The matter of the $900 in pre-conversion quarterly fees was left unresolved. That is, the estate was insolvent, and those fees could be paid in full only if they were accorded first level

priority status. On May 28, 1997, the United States Trustee filed a Statement and Citation of Authority in Support of Trustee's Final Report in which he asserted that the pre-conversion fees should be accorded first level priority status. On August 1, 1997, the bankruptcy court issued its Opinion Regarding Priority of Fees Under Chapter 123 of Title 28 [hereinafter Bankr. Op.]. In that opinion, the bankruptcy court agreed that a trustee's pre-conversion quarterly fees should not be subordinated to Chapter 7 administrative expenses but held that their "payment rights" were not necessarily identical. Bankr. Op. at 6-7. The bankruptcy court adopted the "alternative approach" adopted in United States Trustee v. Endy (In re Endy), 181 B.R. 526 (D. Nev. 1995), rev'd, 104 F.3d 1154 (9th Cir. 1997), a case that was ultimately reversed by the Ninth Circuit Court of Appeals. See Bankr. Op. at 7. The United States Trustee filed a Notice of Appeal on August 20, 1997.

## LAW AND ANALYSIS

### I. Jurisdiction and Standard of Review

This court's jurisdiction over this appeal is predicated on 28 U.S.C. § 158(a)(1), which gives district courts authority to hear appeals of final orders of the bankruptcy courts.

The standard of appellate review is clear error with respect to findings of fact and *de novo* with respect to conclusions of law. See Fed. R. Bankr. P. 8013; In re The Gibson Group, Inc., 66 F.3d 1436, 1440 (6th Cir. 1995); Harbour Lights Marina, Inc. v. Wandstrat, 153 B.R. 781, 782 (S.D. Ohio 1993) ("When reviewing a bankruptcy court's decision, a district court functions as an appellate court, and applies the standard of review generally applied in the federal courts of appeals."). Whether Chapter 11 quarterly fees in a case that has been converted from Chapter 11 to Chapter 7 are subordinated to Chapter 7 administrative fees is a question of law and is therefore reviewed *de novo*.

2

## II. Chapter 11 Quarterly Fees

Section 507 of the Bankruptcy Code sets forth the order of priority for payment of claims and expenses in bankruptcy proceedings under Chapters 7, 11, 12, and 13. See 11 U.S.C. § 507(a). Section 507 affords first priority to "administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28." Id.[1] Quarterly fees payable to the U.S. Trustee are assessed against Chapter 11 estates pursuant to § 1930(a)(6) of Chapter 123 of Title 28. Thus, quarterly fees receive first priority along with administrative expenses allowed under § 503(b). See id.; In re Ehrman, 184 B.R. 362, 364-65 (D. Ariz. 1995).

Section 726 of the Bankruptcy Code provides for the distribution of property under Chapter 7 when there are insufficient funds to pay all claims in full. See 11 U.S.C. § 726. Section 726 states,

> (a) ... [P]roperty of the estate shall be distributed--
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title ...
>
> \* \* \*
>
> (b) Payment on claims of a kind specified in paragraph (1) ... of section 507(a) of this title ... shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to [Chapter 7 from Chapter 11], a claim allowed under section 503(b) of this title incurred under [Chapter 7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under [Chapter 11] before such conversion ...

11 U.S.C. § 726. Where, as here, there are insufficient funds to satisfy all expenses, and when there has been a conversion to Chapter 7 proceedings from another chapter, then the exception in section

---

[1] "Administrative expenses" are distinct from "fees and charges" incurred under Chapter 123 of Title 28. The use of the word "and" in the statute creates two independent categories of first priority claims: one for Title 11 "administrative expenses" and the other for Title 28 "fees and charges." Huisinga v. Carter (In re Juhl Enters., Inc.), 921 F.2d 800, 803 (8th Cir. 1990). This distinction is supported by the language of section 503(b), which lists allowable Title 11 administrative expenses, and makes no mention of court fees or quarterly fees. See id.

3

726(b) comes into play.

> That exception gives priority to section 503(b) administrative expenses incurred after conversion (the "Chapter 7 expenses") over those incurred prior to conversion (in this case, the "Chapter 11 expenses"). The problem we face is that the exception addresses only the relative priority of the Chapter 211 and Chapter 7 expenses, and is absolutely silent on the priority to be given Chapter 123 fees in relation to those administrative expenses. It does not tell us whether the Chapter 123 fees should be given the same priority as the Chapter 7 expenses, and thus pro rated with them, or if the Chapter 123 fees should be subordinated to the Chapter 7 expenses, and thus pro rated with the Chapter 11 expenses.

In re Endy, 104 F.3d at 1156.

Courts have developed three possible approaches to this exception. The majority of the courts, including two appellate courts, dealing with the problem has concluded that, because quarterly fees are not administrative expenses, but are fees incurred under Title 28, section 726(b) does not alter their first priority status as expressly granted by section 507(a)(1). See United States Trustee v. Endy (In re Endy), 104 F.3d 1154 (9th Cir. 1997); Huisinga v. Carter (In re Juhl Enters., Inc.), 921 F.2d 800 (8th Cir. 1990); Ross v. Kanaga (In re Darmstadt Corp.), 164 B.R. 465 (D. Del. 1994); In re Lochmiller Indus., 178 B.R. 241, 250 (Bankr. S.D. Cal. 1995); In re Metro Transp. & Health Referral, 165 B.R. 832 (Bankr. N.D. Ohio 1994); In re Seacoast Carpet & Tile of Naples, Inc., 151 B.R. 962, 963 (M.D. Fla. 1993); In re K&M Printing & Litho., 135 B.R. 404 (Bankr. D. Or. 1992); In re AM-PM Photo Camera Fashions, 116 B.R. 222 (Bankr. D. Idaho 1990). The minority of courts has concluded that the fees should be subordinated to the Chapter 7 administrative expenses and pro rated with the Chapter 11 expenses. See United States Trustee v. Hirsch (In re Ehrman), 171 B.R. 683 (Bankr. D. Ariz. 1994), rev'd, 184 B.R. 362 (D. Ariz. 1995); Reitmeyer v. Wetmore (In re Wetmore), 117 B.R. 201 (Bankr. W.D. Pa. 1990).

The alternative approach, adopted by the bankruptcy court in this case, was advocated by

4

Judge Hagen in <u>United States Trustee v. Endy (In re Endy)</u>, 181 B.R. 526 (D. Nev. 1995), rev'd, 104 F.3d 1154 (9th Cir. 1997). Judge Hagen agreed with the majority line of cases that section 726 does not subordinate the trustee's fees. See id. at 529. The district court observed, however, that the majority line of cases improperly gives trustees an unwarranted priority over § 503(b) administrative expenses incurred prior to conversion. See id. The district court stated:

> Section 726 should be read to neither subordinate nor elevate the priority or pro rata share of trustee's fees. While nothing in § 726 can be read as subordinating the trustee's fees to Chapter 7 administrative fees (as recognized by the majority line of cases), it is also important to note that nothing in § 726 gives the trustee's fees priority over the Chapter 11 administrative fees. In other words, § 726 only addresses the priority of the administrative fees and should not impact either the priority or the pro rata share of the trustee's fees. The majority line of cases gives the trustee's fees an unwarranted priority over Chapter 11 administrative expenses by allowing the trustee's fees to be paid pro rata with the Chapter 7 administrative expenses.

Id. at 529.[2]

The district court in <u>In re Endy</u> concluded,

> In a case converted from Chapter 11 to Chapter 7, the trustee's fees should share pro rata with § 503(b) administrative expenses incurred either during Chapter 7 or

---

[2] The district court provided the following helpful illustration:
Assume by way of example that there is $6,000 available for distribution and $5,000 in accrued Chapter 7 administrative fees, $5,000 in accrued Chapter 11 administrative fees, and $5,000 in trustee's fees. Under the majority line of cases, the chapter 7 administrative fees and the trustee's fees would take first priority and share the $6,000 pro rata. This would result in $3,000 to the Chapter 7 administrative fees, $3,000 to the trustee's fees, with nothing left over for the Chapter 11 administrative fees. Under the minority line of cases, the Chapter 7 administrative fees would take first priority and receive $5,000. The trustee's fees and Chapter 11 administrative fees would share the remaining $1,000 pro rata by which each would take $500. According to the alternative interpretation of the statutes, the trustee's fees would be paid pro rata with the total administrative fees (those incurred under both Chapter 7 and Chapter 11). By this construction, the trustee's pro rata share would be $2,000. the pro rata share for administrative fees would be $4,000. Only at this point would § 726 come into play, pursuant to which the Chapter 7 administrative fees would receive first priority and take the entire $4,000, with nothing left for the Chapter 11 administrative fees.
<u>United States Trustee v. Endy (In re Endy)</u>, 181 B.R. 526, 529 n.3 (D. Nev. 1995), rev'd, 104 F.3d 1154 (9th Cir. 1997).

5

Chapter 11 as provided by § 507(a). Section 726 would only be implicated in considering the breakdown of the § 503(b) administrative expenses (giving first priority to those incurred during Chapter 7) and would have no impact on the share or priority given to the trustee's fees.

Id. at 529. The bankruptcy court in this case embraced this holding.

The Ninth Circuit Court of Appeals rejected Judge Hagen's holding and provided the grounds for its acceptance of the majority position. The Ninth Circuit acknowledged the lower courts' struggles with interpreting these statutes.

> Congress added the Chapter 123 fees and charges to section 507(a)(1) when it created the U.S. Trustees Program in extensive 1986 amendments to the bankruptcy code. Prior to those amendments, the only claims that were given first level priority under section 507(a)(1) were those for section 503(b) administrative expenses. Therefore, the priority given Chapter 7 expenses in the § 726(b) exception sufficed. In the 1986 amendments, Congress added a new first priority claim to section 507(a)(1), but apparently overlooked the need to address that claim's place in the section 726(b) priority scheme.

In re Endy, 104 F.3d at 1157.

The Ninth Circuit stated,

> We know that Congress intended the fees dedicated to funding the U.S. Trustees program to be the highest priority claims in a liquidation, for it placed them in the first paragraph of 11 U.S.C. § 507(a), and thereby made them first payable under section 726(a). We also know that Congress intended to give Chapter 11 administrative expenses a lower priority than the other first priority claims under sections 507(a) and 726(b), because Congress said so when it enacted section 726(b). We conclude that Congress intended the U.S. Trustee's fees under Chapter 123 to have a priority equal to that of Chapter 7 expenses, and superior to that of the Chapter 11 expenses.

Id. at 1157. The court concluded that the minority position "conflicts with the statutory scheme."

Id. The court of appeals also noted that the district court's holding was a "novel interpretation" and that

> [b]y prorating all three types of fees together, the district court's rule has the effect

6

> Had Congress intended to elevate [Chapter 123 fees] over pre-conversion administrative fees, it could easily have done so. But by its terms, § 726(b) relegates pre-conversion claims to only one of the sub-groups--i.e., the chapter 7 administrative claimants. The majority nevertheless effectuates a wholesale subordination, thereby reading into § 726(b) language which does not exist.

Bankr. Op. at 9-10. The bankruptcy court concluded that plausibility of both the majority and alternative approaches provides reason to suspect that Congress overlooked the issue with which courts are now confronted. See Bankr. Op. at 10; see also In re Endy, 104 F.3d at 1157 ("In the 1986 amendments, Congress added a new first priority claim to section 507(a)(1), but apparently overlooked the need to address that claim's place in the section 726(b) priority scheme." (emphasis added)). The bankruptcy court continued, "But this is sheer speculation, and we believe the more prudent course is to assume that the omission of any reference in § 726(b) to chapter 123 was deliberate." Bankr. Op. at 10 (citing City of Chicago v. Environmental Defense Fund, 511 U.S. 328, 311 (1994) ("'[I]t is generally presumed that Congress acts intentionally and purposely' when it 'includes particular language in one section of a statute but omits it in another.'")).

The bankruptcy court held,

> Proceeding from that premise, we must reject the majority approach, as it subordinates pre-conversion claims to both chapter 7 administrative claims and § 1930 fees. Judge Hagen's alternative approach, on the other hand, limits the extent of the subordination to chapter 7 claims. Because this latter approach is more faithful to the text of § 726(b), the Court adopts it.

Bankr. Op. at 11.

In examining statutory language, a "fundamental canon of statutory construction is that . . . words will be interpreted as taking their ordinary . . . common meaning." Perrin v. United States, 444 U.S. 37, 42 (1979). In examining the plain meaning of the statutes, the relevant provisions must be read as a whole. See Carpenters Health and Welfare Trust Funds for Cal. v. Robertson (In re

8

and superior to that of the Chapter 11 expenses").

The court concludes that the bankruptcy court erred when it relied on Judge Hagen's holding in the district court's opinion in In re Endy. Rather, the court agrees with the Eighth and Ninth Circuits that the "majority approach, under which the U.S. Trustee's fees and the Chapter 7 expenses are first satisfied ratably, followed by the Chapter 11 expenses, is more consistent with the statutory scheme and its underlying purposes." In re Endy, 104 F.3d at 1158. The court, therefore, reverses the bankruptcy court.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that the August 1, 1997 judgment of the bankruptcy court is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the bankruptcy court for proceedings consistent with this opinion and order.

John Corbett O'Meara
United States District Judge

Date: 'JUN 10 1998

J. Chimovitz
L. Berg
K. Kilpatrick
JUN 10 1998

10